COLTER CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Colter Corp. v. Commissioner
Docket No. 8602-71, 1890-72.
United States Tax Court
T.C. Memo 1973-215; 1973 Tax Ct. Memo LEXIS 72; 32 T.C.M. (CCH) 997; T.C.M. (RIA) 73215; October 2, 1973, Filed *72 Robert M. Musselman and Harold R. Bailes, for the petitioner. David E. Price, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined deficiencies in petitioner's income taxes as follows: Taxable Year Ending
Deficiency April 30, 1967
$10,344.06
April 30, 1968
1,019.45
April 30, 1969
9,402.05 2 The only issue presented for decision relates to the disallowance by the respondent of petitioner's reserve for bad debts for the fiscal years 1967 to 1969, inclusive. All other adjustments set forth in the notices of deficiency have been accepted by the petitioner. This proceeding was submitted upon the basis of a stipulation of facts and reliance by the petitioner upon certain admissions made by the respondent in his answers.The stipulated facts and exhibits attached thereto are incorporated herein by this reference. A summary of such facts is set forth below. The petitioner was incorporated under the laws of the Commonwealth of Virginia and has its principal office on Old Ivy Road, Albemarle County, Virginia. Its mailing address is Charlottesville, Virginia. The petitioner's Federal *73 income tax returns for the fiscal years ended April 30, 1967 and April 30, 1968 were filed with the district director of Internal Revenue for the District of Virginia. The petitioner's Federal income tax return for the fiscal year ended April 30, 1969 was filed with the Internal Revenue Service Center, Philadelphia, Pennsylvania. 3 At all times material herein, the petitioner was engaged in the business of selling life insurance. Incident thereto, the petitioner provided financing for persons to whom such insurance was sold. The petitioner loaned money to the purchasers of the insurance, who thereupon became indebted to the petitioner. The petitioner was not in the trade or business of selling real or tangible personal property. In his notices of deficiency, the respondent disallowed the additions claimed by the petitioner to a reserve for bad debts for the fiscal years ending April 30, 1967 to 1969, inclusive, on the grounds that "such reserve and the claimed additions thereto pertains only to customer debt obligations which you assigned or sold to financial institutions." [1]
*74 4 In further explanation thereof, the respondent stated: Section 166(g) of the Internal Revenue Code permits allowance of deductions for a reasonable addition to reserve for bad debts which may arise out of a taxapyer's liability as a guarantor, endorser, or indemnitor only in respect of debt obligations arising out of a taxpayer's sale of real property or tangible personal property in the ordinary course of the taxpayer's trade or business. Since the debt obligations involved in your case did not arise from the sale by you of real property or tangible personal property, no deductions for additions to a reserve for bad debts with respect to such debt obligations are allowable. The petitioner's argument in support of its position is twofold. First, the petitioner contends that section 166(g)[2] does not bar the deduction of a reserve for bad debts to a taxpayer who is not a dealer in real or tangible personal property notwithstanding that the taxpayer may discount or sell such obligations pursuant to an agreement whereby the liability of the taxpayer is that of a guarantor, endorser, or indemnitor of the debt obligations. Secondly, the petitioner argues *75 that the admission by the respondent in his answer that the petitioner loaned the money to the purchasers of the insurance and that such purchasers were indebted to 5 the petitioner sets forth sufficient facts upon which to substantiate the petitioner's right to the deductions on account of additions to the reserve for bad debts. In this case, the respondent's notice of deficiency clearly sets forth the basis upon which the respondent has disallowed the additions to the reserve for bad debts. The respondent does not deny that in the first instance there was a debtor-creditor relationship between the purchasers of insurance and the petitioner. However, the notice of deficiency sets forth that a reserve for bad debts on account of such obligations is not allowable for the reason that the petitioner assigned or sold such obligations to financial institutions under circumstances in which the petitioner's liability was that of a guarantor, endorser, or indemnitor. The petitioner failed to present any evidence to refute this allegation. Accordingly, for purposes of *76 decision, we must assume that this is the case. The question presented turns upon the interpretation of section 166(g). That section was enacted by 6 Public Law 89-722 on November 2, 1966, to resolve a conflict between this Court and several courts of appeals relating to the deductibility of a reserve for bad debts where the taxpayer discounted or sold the obligations in question, remaining liable solely as a guarantor, endorser, or indemnitor. Insofar as material herein, section 166(g) provides: (g) Reserve for Certain Guaranteed Debt Obligations. - (1) Allowance of deduction. - In the case of a taxpayer who is a dealer in property, in lieu of any deduction under subsection (a), there shall be allowed for any taxable year ending after October 21, 1965, a deduction - (A) for a reasonable addition to a reserve for bad debts which may arise out of his liability as a guarantor, endorser, or indemnitor of debt obligations arising out of the sale by him of real property or tangible personal property (including related services) in the ordinary course of his trade or business; and (B) for the amount of any reduction in the suspense account required by paragraph (4) (B) (i). *77 (2) Deduction disallowed in other cases. - Except as provided in paragraph (1), no deduction shall be allowed to a taxpayer for any addition to a reserve for bad debts which may arise out of his liability as guarantor, endorser, or indemnitor of debt obligations. 7 In the report of the Committee on Ways and Means, wherein the bill was initiated, the exclusivity of the relief provided in subsection (g) is made clear. H. Rept. No. 2157, 89th Cong., 2d Sess., p. 7.[3] This Court has had occasion to consider the applicability of section 166(g) in light of this Congressional intent. Budget Credits, Inc., 50 T.C. 52, 55-56 (1968), affirmed per curiam 417 F.2d 1108 (C.A. 6, 1969). See also Paul H. Travis, 47 T.C. 502 (1967), affirmed in part and remanded on other grounds 406 F.2d 987 (C.A. 6, 1969). In those cases, the Court held that a deduction was not allowable for additions to the reserve for bad debts on account of obligations with respect to which the taxpayer was merely a guarantor, endorser, or indemnitor because such obligations did not arise out of the sale of real or tangible personal property by the taxpayer. *78 8 We are constrained to follow the rationale of the prior decisions of this Court in the cited cases. The petitioner made no effort to refute the respondent's determination that the bad debt reserve was set up on account of obligations with respect to which petitioner was merely a guarantor, endorser, or indemnitor. By its own admission, the petitioner fails to meet the conditions prescribed in section 166(g) for the allowance of a reserve on account of such obligations in that the obligation did not arise out of the sale of real or tangible personal property by the petitioner. Accordingly, the position of the respondent must be sustained. Decisions will be entered *79 for the respondent. Footnotes
1. While separate notices of deficiency were issued for the fiscal year 1967 and for the fiscal years 1968 and 1969, the respondent's reason for the disallowance is the same in both notices. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
3. While some ambiguity might be read into the report of the Committee on Finance, since that report merely states "that this is to be the only deduction allowable for additions to a reserve for bad debts for obligations of this type", the reference to "obligations of this type" should be taken to refer to obligations as a guarantor, endorser, or indemnitor, and not as limited to obligations arising out of the sale of real or tangible personal property. See S. Rept. No. 1710, 89th Cong., 2d Sess., p. 1. ↩